**12 CIV 6349**

**JUDGE GRIESA**

Raymond P. Hayden
John Eric Olson
Anthony J. Pruzinsky
Thomas E. Willoughby
Hill Rivkins LLP
Attorneys for Plaintiff
45 Broadway, Suite 1500
New York, NY 10006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TROUW NUTRITION USA, LLC;

                Plaintiff,

  - against –

M/V "MSC FLAMINIA", her engines,
boilers, etc. in rem, CONTI 11 CONTAINER
SCHIFFAHRTS-GmbH & CO. KG MS "MSC FLAMINIA";
MEDITERRANEAN SHIPPING COMPANY S.A.;
NSB NIEDERELBE SCHIFFAHRTS GESELLSCHAFT
mbH & CO. KG and SEA SHIPPING LINE,
in personam;

                Defendants.
-----------------------------------------------------------------x

Index No.:

**COMPLAINT**

[RECEIVED AUG 20 2012 U.S.D.C. S.D.N.Y. CASHIERS stamp]

The plaintiff herein, by its attorneys, Hill Rivkins LLP, complaining of the above named vessel and defendants, alleges upon information and belief:

**FIRST:**  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**SECOND:**  At and during all times hereinafter mentioned, plaintiff had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof. Plaintiff is the owner of certain cargo laden aboard the

1

captioned vessel, which may have been partially or totally damaged and who has been called upon by defendant vessel interests to guarantee salvage claims and General Average expenses which may be assessed if said cargo has not been totally destroyed.

**THIRD:** At and during all the times hereinafter mentioned, the defendants had and now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above named vessel, which operates in regularly scheduled liner service between ports of the United States and Europe.

**FOURTH:** On or about the date and at the port of shipment stated in Schedule A, there was delivered to the vessel and defendants in good order and condition the shipment described in Schedule A, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

**FIFTH:** Since then, the cargo has not been delivered in the same good order and condition in which it was received and plaintiff has been called upon by defendant vessel interests to guarantee salvage claims and General Average expenses.

**SIXTH:** Defendants, by reason of the premises, breached their duties to the plaintiff as common carriers by water for hire and were otherwise at fault.

**SEVENTH:** Plaintiff was the shipper, consignee or owner or otherwise had a proprietary interest of and in the cargoes as described in Schedule A, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**EIGHTH:** Plaintiff has duly performed all duties and obligations on its part to be performed.

**NINTH:** By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded in the amount of $13,068, in addition to salvage and General Average expenses.

W H E R E F O R E, plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against defendants.

2. That if defendants cannot be found within this District, that all of their property within this District be attached in the sum set forth in the complaint, with interest and costs.

3. That a decree may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs.

4. That process in due form of law according to the practice of this Court may issue against the aforesaid named vessel.

5. Plaintiffs pray for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated: New York, NY
August 20, 2012

HILL RIVKINS LLP
Attorneys for Plaintiff

By: _____
Raymond P. Hayden

45 Broadway, Suite 1500
New York, NY 10006
212-669-0600

## SCHEDULE A

Plaintiff, Trouw Nutrition USA, LLC, was and now is a corporation duly organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 115 Executive Drive, Highland, Illinois 62248.

Defendant, Conti 11 Container Schiffahrts-GmbH & CO. KG MS "MSC FLAMINIA" was and now is a foreign corporation duly organized and existing under the laws of Germany with a place of business c/o Conti Reederei Management GmbH & Co. Konzeptions KG, Paul Wasserman-Str. 5, 81829 Munich, Germany.

Defendant, NSB Niederelbe Schiffahrts Gesellschaft mbH & CO. KG, was and now is a corporation duly organized and existing under and by virtue of the laws of the United States with an office and place of business c/o NSB USA, 19059 Greeno Rd., Hwy. 98, Fairhope, Alabama 36532.

Defendant, Mediterranean Shipping Company S.A., was and now is a corporation duly organized and existing under the laws of Switzerland with a place of business c/o Mediterranean Shipping Company (USA), Inc. 420 Fifth Avenue, New York, New York 10018.

Defendant, Sea Shipping Line, was and is a corporation duly organized and existing under and by virtue of the laws of the United States with an office and place of business at 114 Maple Avenue, Red Bank, New Jersey 07701.

| | |
|---|---|
| Port of Loading: | New Orleans, Louisiana |
| Port of Discharge: | Piraeus, Greece |
| Cargo: | Animal Feed Supplement |
| Shipper/Subrogee: | Sea Shipping Line/Trouw Nutrition USA LLC |
| Consignees: | Hellas S.A./ Trouw Nutrition |
| Amount of Loss: | $13,068,00 |

31351\Complaint