LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
MSC MEDITERRANEAN SHIPPING COMPANY S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROUW NUTRITION USA, LLC;<br><br>              Plaintiff,<br><br>- against -<br><br>M/V "MSC FLAMINIA", her engines, boilers, etc. <u>in rem</u>, CONTI 11 CONTAINER SCHIFFAHRTS-GmbH & CO. KG MS "MSC FLAMINIA"; MEDITERRANEAN SHIPPING COMPANY S.A.; NSB NIEDERELBE SCHIFFAHRTS GESELLSCHAFT mbH & CO. KG and SEA SHIPPING LINE, <u>in personam</u>;<br><br>              Defendants. | <u>ECF CASE</u><br><br>12 Civ. 6349 (TPG)<br><br><u>ANSWER</u> |

      Defendant MSC MEDITERRNEAN SHIPPING COMPANY, S.A. ("MSC"), incorrectly pled as Mediterranean Shipping Company, S.A., by its attorneys, Lyons & Flood, LLP, answering plaintiff TROUW NUTRITION USA, LLC's Complaint, alleges upon information and belief as follows:

      1.     Admits the allegations contained in paragraph ONE of Plaintiff's Complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph TWO of Plaintiff's Complaint.

      3.     Admits that MSC was and is a foreign corporation and at all relevant times was engaged in business as a common carrier of merchants by water for hire and was the time charterer of the M/V MSC FLAMINIA, which at all relevant times operated between Europe and

the United States, and that Mediterranean Shipping Company (USA), Inc. has an office at 420 Fifth Avenue, New York, New York 10018, but except as so specifically admitted, denies the allegations contained in paragraph THREE of Plaintiff's Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph FOUR of Plaintiff's Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph FIVE of Plaintiff's Complaint.

6. Denies the allegations contained in paragraph SIX of Plaintiff's Complaint insofar as they relate to MSC, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph SIX of Plaintiff's Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph SEVEN of Plaintiff's Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph EIGHT of Plaintiff's Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph NINE of Plaintiff's Complaint.

10. Denies Plaintiff's prayer for relief.

**FIRST AFFIRMATIVE DEFENSE**

11. Plaintiff is not the real party in interest and is not entitled to maintain this action.

**SECOND AFFIRMATIVE DEFENSE**

12. Plaintiff lacks standing to assert this claim.

**THIRD AFFIRMATIVE DEFENSE**

13. If any losses or damages were sustained by the shipment referred to in Plaintiff's Complaint, which is denied, such losses or damages were caused by or contributed to by the Plaintiff or Third-Parties, and not by Defendant MSC.

**FOURTH AFFIRMATIVE DEFENSE**

14. The Complaint fails to state a cause of action upon which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE**

15. The cargo which is the subject of this suit was carried pursuant to the terms and conditions of certain bills of lading, service contracts, tariffs and/or other contracts of carriage by which the shipper, owner, consignee, and holder of said bills of lading agreed to be bound, and was also subject to the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701, *et seq.*, the Harter Act, 46 U.S.C. § 30701, *et seq.* and/or the Fire Statute, 46 U.S.C. § 182, and defendant MSC claims the benefits of all rights, immunities, defenses, exonerations, and limitations contained therein.

**SIXTH AFFIRMATIVE DEFENSE**

16. Any loss or damage to the goods, as alleged in Plaintiff's Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and/or from inherent defect, quality, or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shipper, or owner of the goods, its agents or representatives, or other third-parties and not by Defendant MSC.

**SEVENTH AFFIRMATIVE DEFENSE**

17. The nature and valuation of the goods were not declared by the shipper before the shipment and inserted in the bills of lading. If plaintiff is entitled to any recovery, which is

denied, such recovery should be limited to $500 per "package" or "customary freight unit," in accordance with COGSA and MSC's bills of lading.

### EIGHTH AFFIRMATIVE DEFENSE

18. Due diligence was used to make the carrying vessel seaworthy and to ensure that it was properly manned, equipped, and supplied, and to make the holds and other parts of the vessel in which the shipment was carried safe and fit for its reception, in accordance with COGSA, the Harter Act, and the subject bills of lading. Accordingly, if the shipment sustained any loss or damage due to any unseaworthiness of the vessel, which is denied, MSC is not liable for said loss or damage.

### NINTH AFFIRMATIVE DEFENSE

19. If there was any loss or damage to the cargo as alleged in Plaintiff's Complaint, which is denied, such loss or damage was caused in whole or in part by the Plaintiff's breach of its obligations and duties under law and any applicable contract.

### TENTH AFFIRMATIVE DEFENSE

20. If there was any loss or damage to the cargo as alleged in Plaintiff's Complaint, which is denied, such loss or damage was solely the result of improper storage and/or transportation prior to delivery to MSC and/or its agents.

### ELEVENTH AFFIRMATIVE DEFENSE

21. If there was any loss or damage to the cargo as alleged in Plaintiff's Complaint, which is denied, such loss or damage arose or resulted from the negligent manufacture of cargoes and/or improper packaging of cargoes, the manufacture of unreasonably dangerous goods and/or breach of implied warranties and/or negligent misrepresentations concerning cargoes and/or

improper stuffing of containers and/or contamination of cargos and/or failure to properly warn others concerning the dangerous propensities of cargoes.

### TWELFTH AFFIRMATIVE DEFENSE

22. Plaintiff has failed to mitigate its damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

23. Defendant MSC reserves the right to amend its answer to include additional affirmative defenses.

WHEREFORE, Defendant MSC prays:

a. that judgment be entered in favor of Defendant MSC and against Plaintiff, dismissing Plaintiff's Complaint herein together with costs and disbursements of this action; and

b. that judgment be entered in favor of Defendant MSC for such other and further relief as the Court deems just and proper.

Dated: September 25, 2012
      New York, New York

                                          LYONS & FLOOD, LLP
                                          Attorneys for Defendant
                                          MSC MEDITERRANEAN SHIPPING
                                          COMPANY S.A.

                            By: _____
                                          Edward P. Flood
                                          65 West 36th Street, 7th Floor
                                          New York, New York 10018
                                          (212) 594-2400

## **CERTIFICATE OF SERVICE**

Jon Werner, an attorney duly admitted to practice before this Honorable Court, affirms on this 25th day of September 2012, that he served true copies of the foregoing, via CM/ECF and by e-mail to:

Hill, Rivkins & Hayden LLP
*Attorneys for Plaintiff*
45 Broadway, Suite 1500
New York, NY 10006

| Attn: | | |
|---|---|---|
| | Thomas E. Willoughby, Esq. | **twilloughby@hillrivkins.com** |
| | Andrew John Warner, Esq. | **awarner@hillrivkins.com** |
| | Anthony J. Pruzinsky, Esq. | **apruzinsky@hillrivkins.com** |
| | John Eric Olson, Jr., Esq. | **jolson@hillrivkins.com** |
| | Lauren Elizabeth Komsa, Esq. | **lkomsa@hillrivkins.com** |
| | Raymond Paul Hayden, Esq. | **rhayden@hillrivkins.com** |

_____
Jon Werner

U:\FLOODDOC\2549201\Legal\12-cv-06349\Answer.doc